IN THE UNITED STATES DISTRICT     )
COURT FOR THE DISTRICT OF SOUTH   )     C.A. No.:  2:23-mc-00444-BHH
CAROLINA CHARLESTON DIVISION      )

                                  )

NATIONAL RIFLE ASSOCIATION OF     )
AMERICA,                          )
    Plaintiff,                    )
                                  )     **MOTION TO QUASH SUBPEONA AND**
v.                                )     **FOR PROTECTIVE ORDER**
                                  )
ACKERMAN MCQUEEN, INC.,           )
MERCURY GROUP, INC., AND          )
ANTHONY MAKRIS                    )
    Defendants                    )

Pursuant to Rule 26 and Rule 45 of the Federal Rules of Civil Procedure, Alicia Warner Loughlin, ("Warner Loughlin") by and through her undersigned counsel for purposes as described herein, hereby moves to quash Plaintiff's Subpoena to Warner Loughlin issued and served on May 26, 2023 (the "Subpoena") Warner Loughlin also moves for a protective order related to the Subpoena. A copy of the Subpoena is attached hereto as Exhibit A. This Motion is made on at least the following grounds:

1.    Movant is somewhat unclear as to whether the Subpoena seeks information relevant or not to the issues in the action captioned *National Rifle Association of America vs. Ackerman McQueen, Inc., Mercury Group, Inc. and Anthony Makris,* C.A. No: 3:22-CV-1944-G (the "Lawsuit"), as that matter was filed in Texas under seal. However, based on the movant's limited knowledge of the pending action in Texas, the information sought in the current subpoena is beyond the scope of discovery permitted by SCRCP Rule 26(b)(1);

2.    the Subpoena is unduly burdensome on Warner Loughlin in light of:

    (a)    its overbreadth;

    (b)    her complete lack of knowledge with respect to any of the matters at issue in the Lawsuit;

3.    the Subpoena appears intended only to annoy, embarrass, and harass

Warner Loughlin based solely on the fact that her husband, Anthony

Makris, is a defendant in the Lawsuit and notwithstanding her complete and total lack of involvement in any of the matters alleged in the complaint, and so is appropriate for preclusion by quashing the subpoena and by issuing a protective order from an appropriate Court under SCRCP Rule 26(c);

## FACTS, ARGUMENTS AND AUTHORITY

Defendants filed expedited motions to quash all subpoenas issued by the NRA, in Texas, including the present subpoena.  The NRA and Mrs. Loughlin agreed to postpone any required filings by Mrs. Loughlin regarding the present subpoena pending a determination of the Texas Court on those subpoenas.   It is the undersigned's understanding that the Texas Court did not grant the Defendant's motion to quash the NRA's subpoenas and as a result Mrs. Loughlin now moves to quash the subpoena.

The above identified Defendants have pending motions for summary judgment and to dismiss the claims filed by the NRA.  It is further my understanding that the NRA is unlikely to survive either motion. It would seem that the most prudent action would be to temporarily quash this subpoena pending a determination by the Texas District Court on those two pending motions, which could render this motion moot, or in the alternative if they are denied, this Court could move forward with a determination on the merits of our request for protection from the subpoena.

Either way, Warner Loughlin is married to Anthony Makris, who is a named Defendant in the above pending action in Texas.  In addition to any potential relationship with Co-defendants, Ackerman Mcqueen, Inc. and Mercury Group, Inc., Mr. Makris was also a principal for an entity that produced/owned a television show for the NRA, Under Wild Skies ("UWS").  UWS was a reality series in which individuals were filmed while on safari hunting big game.  At some point, Warner Loughlin was added as a principal of

UWS but had no real day to day dealings with UWS.  On a few occasions, Mrs. Loughlin

provided services to individuals who appeared on UWS through her own entity, Warner

Loughlin Studios.  For those services she was paid through UWS.

There was a prior legal action filed by UWS against NRA in Virginia state court.

That action was tried and UWS was awarded a civil judgment against NRA.  It is the

undersigned's understanding that during the pendency of the Virginia case, the NRA

raised the issue as to whether UWS was barred from bringing its claims and was in fact

included as an "affiliate" or "related company" under an already executed settlement

agreement between NRA and other entities. It is the undersigned's understanding that the

Virginia Court ruled that UWS was not included in the previous settlement agreement and

allowed the case to proceed.

Under the Virginia litigation, Mrs. Loughlin was served with and she complied with

a subpoena from the NRA (the "Virginia subpoena").  A copy of the Virginia subpoena is

attached hereto as Exhibit B.  The Virginia subpoena asked Mrs. Loughlin to appear for a

deposition, which she did, and in essence provide all documents, records, or

communication in her possession related to UWS, work she performed for UWS and any

compensation she received from UWS.  She complied fully with the Virginia subpoena to

the satisfaction of the NRA by providing the requested documents and sitting for a

deposition in Beaufort, South Carolina.

The current Subpoena issued from the Texas Court asks Mrs. Loughlin to appear

for a deposition and for her to provide the following documents:

1.  All Documents relating to work You performed for Under Wild Skies,
    including but not limited to Documents relating to any work You did for
    Under Wild Skies as an independent contractor.

2.  All Documents relating to any and all compensation paid to You by Under
    Wild Skies.

3

3. **All Your personal tax returns for the years 2009-2018**.

4. **All business tax returns for Warner Loughlin Studios, Inc. for the years 2009-2018.**

5. All Documents relating to work You performed for the NRA and any of its officers or directors.

Exhibit A p.8.  Mrs. Loughlin, in responding to the Virginia subpoena, previously provided all information responsive to items one, two and five.  Those requests are repetitive and unnecessary.  However, with regards to item three and four she vehemently objects to providing this information.

Rule 45(d)(3)(iv) of the Federal Rules of Civil Procedure provides that a district court must, on timely motion, quash a subpoena that "subjects a person to undue burden." The determination of undue burden is within the discretion of the district court. A subpoena that seeks information irrelevant to the case is a *per se* undue burden. *See Cook v. Howard,* 484 Fed.Appx. 805, 812 n.7 (4th Cir. 2012); *HDSherer LLC v. Nat'l Molecular Testing Corp.,* 292 F.R.D. 305, 308 (D.S.C. 2013) (Duffy, J.). A subpoena that would require a non-party to incur excessive expenditure of time or money is unduly burdensome. *Cook,* 484 Fed.Appx. at 812 n.7. Otherwise, "undue burden" requires the district court to balance the interests served by demanding compliance against the interests furthered by quashing the subpoena. 9A Charles Alan Wright & Arthur R. miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008). The key factors are the relevance of the information requested, the need of the party for the testimony, and whether it is available from another source. *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004).

A motion for a protective order requires the court to "weigh the need for the information versus the harm in producing it." Id. (quoting A Helping Hand, LLC v. Balt.

Cnty., 295 F. Supp. 2d 585, 592 (D. Md. 2003)). In determining whether to quash a subpoena or issue a protective order, as with most matters of discovery, the court wields **broad discretion**. Cook, 484 F. App'x at 812 (motions to quash); Seattle Times Co. v. Rhinehart,467 U.S. 20, 36 (1984) (protective orders).

UWS is not a party to the above captioned litigation. Mrs. Loughlin is not affiliated with any of the Defendants, except for being married to Mr. Makris. The NRA is going to have to state with some clarity how seeking nine (9) years of tax returns from Mrs. Loughlin and her unaffiliated business entity is in any way related to the sealed action pending in Texas. The same would need to apply to the request for her deposition as she has already sat for a deposition at the request of this same party, the NRA. Quite frankly nothing has changed since the first time she sat other than the fact that we have a new lawsuit in a different jurisdiction.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1). However, as a general matter, tax returns are confidential communications between the taxpayer and the government, and both public policy and concern for the taxpayer's privacy interests counsel against their general discoverability. *DeMasi v. Weiss,* 669 F.2d 114, 119–20 (3d Cir.1982).

The very request of a non-parties tax returns must be treated with a heightened requirement for a showing of relevance. In this matter, Mrs. Loughlin's hands are tied in the sense that the pending action is sealed and we are truly unable to evaluate relevance as it relates to the request. It is her position since the pending action is sealed it now shifts burden for a showing of relevance to the NRA, the one seeking the information. She

5

would further ask that following a showing of relevance that Mrs. Loughlin be allowed to respond based upon the NRA's position.

Accordingly, Warner Loughlin respectfully requests that the court quash the Subpoena in full and issue a protective order.  Further, Warner Loughlin requests an award of attorney's fees.  Warner Loughlin expressly reserves the right to supplement this motion, including but not limited to, filing a memorandum in support.

Pursuant to Federal Rule of Civil Procedure 26(C)(1) and Local Rule 37(e) the parties have met and conferred in good faith, in an effort to resolve the dispute without Court action, but those efforts have not been successful.

Respectfully submitted, this 23rd day of June, 2023.


TWENGE + TWOMBLEY LAW FIRM

BY:    *s/Karl D. Twenge*
         Karl D. Twenge
         Fed ID No.: 10033
         311 Carteret Street
         Beaufort, SC  29902
         Telephone: (843) 982-0100
         twenge@twlawfirm.com

Beaufort, South Carolina

June 23, 2023


6

## CERTIFICATE OF SERVICE

The undersigned, Karl D. Twenge, Attorney for Non-Party Subpoena Recipient, Warner Loughlin, hereby avers that on the 6th day of May 2023 a true and accurate copy of the attached was served via E-Mail as well as placed in an envelope with first class postage thereon prepaid through the United States Postal Service, and mailed to the following:

Cecelia L. Fanielli
Ramon Hernandez
Brewer Attorneys
1717 Main Street, Suite 5900
Dallas, Texas 75201
clf@brewerattorneys.com
rxh@brewerattorneys.com

TWENGE + TWOMBLEY LAW FIRM

BY:    _s/Karl D. Twenge_____
Fed ID No.: 10033