EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| NATIONAL RIFLE ASSOCIATION OF AMERICA | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:22-CV-1944-G |
| ACKERMAN McQUEEN, INC., MERCURY GROUP, INC., and ANTHONY MAKRIS | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Alicia Warner Loughlin, by service at 60 Bay Drive, Beaufort, SC 29907

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Spectrum Reporting c/o Lexitas Legal<br>222 W. Coleman Blvd. Suite 124 94<br>Mt. Pleasant, SC 29464 | Date and Time:<br>06/15/2023 at 09:00am CST/10:00am EST |
|---|---|

The deposition will be recorded by this method:   Stenographic and video methods.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____         _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
The National Rifle Association of America _____, who issues or requests this subpoena, are:

Ramon Hernandez, 1717 Main Street, Suite 5900, Dallas, Texas 75201 (214) 653-4000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:22-CV-1944-G

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ACKERMAN McQUEEN, INC., MERCURY GROUP, INC., and ANTHONY MAKRIS, <br><br> Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 3:22-CV-1944-G <br><br> The Honorable A. Joe Fish, presiding. <br><br> FILED UNDER SEAL |

## NOTICE OF SUBPOENA TO ALICIA WARNER LOUGHLIN

TO:  Alicia Warner Loughlin ("Warner Loughlin") by service at 60 Bay Drive, Beaufort, SC 29907.

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure (**"Federal Rules"**), Plaintiff the National Rifle Association of America (the "NRA"), by and through their attorneys, will take the oral and videotaped deposition of Warner Loughlin (**"You"**), for the purposes of discovering matters relevant to the above-captioned litigation. You are commanded to produce at the place provided herein any and all responsive documents or tangible things as requested.

The deposition shall commence on **June 15, 2023, at 9:00 a.m. CST/10:00 a.m. EST** and will be conducted remotely via Zoom, Webex, or other videoconferencing platform. The deposition may be recorded by sound, videotape, and/or stenographic means in accordance with the Federal Rules and shall continue from day-to-day until completed. A true and correct copy of the Subpoena is attached hereto.

EXHIBIT A

Dated: May 19, 2023                    Respectfully submitted,

            By: */s/ Ramon Hernandez*
               Cecelia L. Fanelli
               *Pro Hac Vice*
               clf@brewerattorneys.com
               Ramon Hernandez
               State Bar No. 24126896
               rxh@brewerattorneys.com
               1717 Main St. Suite 5900
               Dallas, Texas 75201
               Telephone: (214) 653-4000
               Facsimile: (214) 653-1015

               **ATTORNEYS FOR PLAINTIFF THE NATIONAL RIFLE ASSOCIATION OF AMERICA**

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record in the above cause via electronic mail in accordance with the Federal Rules of Civil Procedure and the Local Rules on this 19th day of May, 2023.

/s/ *Ramon Hernandez*
Ramon Hernandez

# EXHIBIT A

## DEFINITIONS

1) Unless otherwise defined, the terms used herein should be read and construed in accordance with the English language, the Federal Rules of Civil Procedure, and the ordinary meanings and definitions attached thereto.

2) If you believe that the use of any term in any Topic is ambiguous or if you do not understand any of these Topics, definitions, or instructions, before asserting an objection related thereto, you should immediately contact the undersigned and seek a clarification.

3) For the purpose of interpreting or construing the scope of these Topics, the defined terms shall be given their most expansive and inclusive meanings, unless specifically limited by the language of an individual Topic.

4) The present tense shall include the past and future tenses. The singular shall include the plural, and the plural shall include the singular.

5) **"Ackerman McQueen"** or **"AMc"** shall mean Defendant Ackerman McQueen, Inc., together with (i) any of the directors, officers, agents, employees, consultants, representatives, attorneys, and other Persons acting on behalf of Ackerman McQueen or Mercury Group, (ii) any predecessors, successors, parent corporations, subsidiaries, divisions, assigns, "d/b/a" names, and affiliates of Ackerman McQueen; and, (iii) any entities that, directly or indirectly, control, are controlled by, or are under common control with Ackerman McQueen, including by possessing, directly or indirectly, the power to direct or cause the direction of Ackerman McQueen's or Mercury Group's management and policies, whether through membership, the ownership of voting securities, by contract, or otherwise.

6) **"Action"** refers to the above-captioned and numbered action.

EXHIBIT A

7) "**All**," "**any**," "**each**," or "**every**" mean "**all, any, each and every**." The terms "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Topic all documents that otherwise might be outside their scope.

8) "**Communication**" shall mean any oral or written utterance, notation, statement and electronically stored information of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, and transfer or exchange between two or more persons of any information, whether through an intermediary or by written, electronic, computer, or oral means, including any written summary of any of the foregoing communications.

9) "**Concerning**" shall mean, directly or indirectly, relating to, referring, describing, discussing, supporting, evidencing, reflecting, constituting, comprising, consisting of, summarizing, explaining, alluding to, analyzing, mentioning, illustrating, memorializing, responding to, connected with, dealing with, commenting on, in respect of, about, regarding, involving or in any way pertaining to.

10) "**Confidential Settlement Agreement**" or "**CSA**" shall mean the settlement agreement dated March 11, 2022 (the "CSA Date") which resolved, *inter alia*, a litigation previously pending before this Court captioned *NRA v. AMc, et al.* (Civil Action No. 3:19-cv-02074-G) (the "AMc Litigation").

11) "**Custodian**" shall mean any Person or Entity that maintained, possessed, or otherwise kept or controlled the Document.

12) "**Defendant(s)**" shall mean each and every Defendant to the above captioned action, including AMc, Mercury, and Makris.

13) **"Document"** is used in these Topics in the broadest sense of the term and shall mean all records and other tangible media of expression of any nature, including: originals, drafts or finished versions; annotated or nonconforming or other copies, however created, produced or stored (manually, mechanically, electronically or otherwise); electronic mail ("email"), instant messages, text messages, Blackberry or other wireless device messages; voicemail; calendars, date books, appointment books, and diaries; books, papers, files, notes, temporary files, permanent files, desk files, correspondence, memoranda, reports, records, journals, summaries, registers, account statements, analyses, plans, manuals, policies, telegrams, faxes, wires, telephone logs, telephone messages, message slips; minutes, notes, records or transcriptions of conversations, Communications, or meetings; video and audio tape recordings; disks and other electronic media; microfilm, microfiche; electronic data or information stored on thumb drives, cloud storage, servers, and any other electronic platform or device ; press releases; contracts, agreements; notices and confirmations. Any non-identical version of a Document constitutes a separate Document within this definition, including without limitation drafts or copies bearing any notation, edit, comment, marginalia, underscoring, highlighting, marking, or any other alteration of any kind resulting in a difference between two or more otherwise identical Documents. Documents existing in electronic form shall include all items that may have been, including but not limited to the scope of the definition of "document" provided in the Federal Rules of Civil Procedure.

14) **"Electronically stored information"** or **"ESI"** shall mean any information created, manipulated, communicated, stored, or best utilized in digital form or with computer technology of any type, including any electronically stored data on magnetic or optical storage media (*e.g.*, hard drives or disks, backup tapes, CD-ROMs, DVD-ROMs, JAZ and Zip drives, thumb drives, and floppy disks) as an "active" file or files (*i.e.*, readily readable by one or more computer

applications or forensic software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (*i.e.*, files that have been deleted and partially overwritten with new data); and "slack" (*i.e.*, data fragments stored randomly from random access memory on said media during the normal operation of a computer (RAM slacks) or residual data left on said media after new data has overwritten some but not all of previously stored data).

15) **"Identify"** or **"identity"** as applied to

    a. *a natural Person* means and includes the provision in writing of the Person's name, title, any aliases, place of employment, telephone number, email address, mailing address, physical address, and if applicable, employment history;

    b. *an Entity* means the provision in writing of the Entity's legal name, any d/b/a, former, or other names, any parent, subsidiary, officers, employees, or agents thereof; and any addresses and any telephone numbers thereof;

    c. *an account with a financial institution* means the provision in writing of the institution's name, its address, the names of the account holders, the account number, the account type, the signatories on the account, and the individuals authorized to use a credit, debit, or ATM card relating to the account;

    d. *a financial transaction* means the provision in writing of the type of transaction (e.g., donation, grant, withdrawal, deposit, or disbursement), the amount, date, payor, grantor, donor or other party disbursing the funds, the payee, grantee, done or other party receiving the funds, the reason for the transaction, and any applicable terms or restrictions;

  e. *an agreement* means to provide the terms of the agreement and any amendments; and

  f. *a Document* shall mean the provision in writing of information sufficiently particular to enable Plaintiff to request the Document's production through document requests or otherwise, including but not limited to (a) the document control number or Bates number, if applicable, (b) document type (letter, memorandum, etc.); (c) the document subject matter; (d) the document date; and (e) the document's author(s), addressee(s) and recipient(s). In lieu of identifying a document, Plaintiff will accept production of the Document, together with a designation of the Document's custodian, and identification of each You believe to have received a copy of the Document.

16) **"Including"** shall mean "**including but not limited to**."

17) **"Makris"** shall mean Defendant Anthony Makris.

18) **"Media"** shall mean an object or device, real or virtualized, including but not limited to a disc, tape, computer, or other device, on which data is or was stored.

19) **"Mercury Group"** or **"Mercury"** shall mean Defendant Mercury Group, Inc, together with (i) any of the directors, officers, agents, employees, consultants, representatives, attorneys, and other Persons acting on behalf of Mercury Group, (ii) any predecessors, successors, parent corporations, subsidiaries, divisions, assigns, "d/b/a" names, and affiliates of Mercury Group, and (iv) any entities that, directly or indirectly, control, are controlled by, or are under common control with Mercury Group, including by possessing, directly or indirectly, the power

to direct or cause the direction of Mercury Group's management and policies, whether through membership, the ownership of voting securities, by contract, or otherwise.

20) **"Metadata"** shall mean and refers to information about electronic documents or data, and includes without limitation (i) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and/or validity of the electronic file and/or (ii) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

21) **"Montgomery"** shall mean non-party Melanie Montgomery.

22) **"Native data format"** shall mean and refers to the format of ESI in which it was originally generated and/or normally kept by the producing party in the usual course of its business and in its regularly conducted activities.

23) **"NRA"** shall mean the Plaintiff, the National Rifle Association of America, and includes its officers, directors, employees, principals, attorneys or other persons acting on their behalf, including all successor or predecessor entities.

24) **"Person"** shall mean all natural persons, groups of natural persons acting in a collegial capacity (*e.g.*, a committee or counsel), corporations, partnerships, associations, trusts, joint ventures, and any other incorporated or unincorporated business, governmental, public, or legal entity, including, when applicable, the person's subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other persons acting or purporting to act on its behalf.

25)     **"Refer(s) or relate(s) to"** shall mean, directly or indirectly, concerning, relating to, reflecting, referring to, having a relationship to, pertaining to, identifying, containing, pertinent to, compromising, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, or constituting, directly or indirectly, in whole or in part, or to be otherwise factually, legally, or logically connected to the subject matter of the particular Topic.

26)     **"Second Amended Complaint"** shall mean the most recent operative complaint filed by the NRA in the above captioned matter and shall be inclusive of any future operative complaint filed subsequent to these Topics.

27)     **"Show"** shall mean the hunting television series titled Under Wild Skies.

28)     **"Supplemental Expenses"** shall mean those expenses referenced to in the NRA's Second Amended Complaint, in particular, as described in Paragraph 66.

29)     **"Supplemental Invoices"** shall mean those invoices set forth in Paragraph 62 of the NRA's Second Amended Complaint.

30)     **"Relevant Time Period."** Unless otherwise noted, the time period covered by these Topics is January 1, 2009 to the present.

31)     **"UWS"** or **"Under Wild Skies"** shall mean Under Wild Skies, Inc., together with (i) any of the directors, officers, agents, employees, consultants, representatives, attorneys, and other Persons acting on behalf of UWS, (ii) any predecessors, successors, parent corporations, subsidiaries, divisions, assigns, "d/b/a" names, and affiliates of UWS, and (iv) any entities that, directly or indirectly, control, are controlled by, or are under common control with UWS, including by possessing, directly or indirectly, the power to direct or cause the direction of UWS's management and policies, whether through membership, the ownership of voting securities, by contract, or otherwise.

2:23-mc-00444-BHH     Date Filed 06/23/23     Entry Number 1-1     Page 14 of 15

EXHIBIT A

32) **"UWS Litigation"** shall mean the litigation pursued by UWS against the NRA in the Circuit Court of the County of Fairfax, Virginia, in a matter captioned *UWS v. NRA*, Case No. 2019-12530.

33) **"William Winkler"** and **"Brandon Winkler"** shall mean non-parties William Winkler and Brandon Winkler.

34) **"You"** and **"Your"** refers to Alicia Warner Loughlin, including any subsidiary, affiliate, joint venture, or other business arrangement, as well as officers, directors, employees, principals, contractors, agents, attorneys or other persons acting on their behalf, including all successor or predecessor entities.

## DOCUMENTS ON WHICH DEPOSITION TESTIMONY IS SOUGHT

1. All Documents relating to work You performed for Under Wild Skies, including but not limited to Documents relating to any work You did for Under Wild Skies as an independent contractor.

2. All Documents relating to any and all compensation paid to You by Under Wild Skies.

3. All Your personal tax returns for the years 2009-2018.

4. All business tax returns for Warner Loughlin Studios, Inc. for the years 2009-2018.

5. All Documents relating to work You performed for the NRA and any of its officers or directors.

Page 8

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon counsel of record in the above cause via electronic mail in accordance with the Federal Rules of Civil Procedure and the Local Rules on this 19th day of May, 2023.

*/s/ Cecelia L. Fanelli*
Cecelia L. Fanelli