EXHIBIT B

2021 CP070 1658 *(handwritten)*

# STATE OF SOUTH CAROLINA

ISSUED BY THE    COURT IN THE COUNTY OF BEAUFORT *(handwritten)*

, Plaintiff
Under Wild Skies, Inc.
v.

SUBPOENA IN A CIVIL CASE

, Defendant

Case Number: 2019-17571

National Rifle Association of America

Pending in    County
Fairfax County, Virginia

TO: Warner Loughlin, 60 Bay Drive, SC 29907

[·] YOU ARE COMMANDED to appear in the above named court at the place, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME    ,    AM |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME    ,    AM |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects in your possession, custody or control at the place, date and time specified below (list documents of objects:

See Attachment A

| PLACE Pinckney Colony Executive Ctr, 10 Pinckney Colony Rd, Ste 300, Bluffton, SC 29909 | DATE AND TIME    ,    AM<br>October 1, 2021    9:30 a.m. |
|---|---|

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME    ,    AM |
|---|---|

ANY SUBPOENAED ORGANIZATION NOT A PARTY TO THIS IS HEREBY DIRECTED TO RULE 30(b)(6), SOUTH CAROLINA RULES OF CIVIL PROCEDURE, TO FILE A DESIGNATION WITH THE COURT SPECIFYING ONE OR MORE OFFICERS, DIRECTORS, OR MANAGING AGENTS, OR OTHER PERSONS WHO CONSENT TO TESTIFY ON ITS BEHALF, SHALL SET FORTH, FOR EACH PERSON DESIGNATED, THE MATTERS ON WHICH HE WILL TESTIFY OR PRODUCE DOCUMENTS OR THINGS. THE PERSON SO DESIGNATED TESTIFY AS TO MATTERS KNOWN OR REASONABLY AVAILABLE TO THE ORGANIZATION

I CERTIFY THAT THE SUBPOENA IS ISSUED IN COMPLIANCE WITH RULE 45(c)(1), AND THAT NOTICE AS REQUIRED BY RULE 45(b)(1) HAS BEEN GIVEN TO ALL PARTIES.

*(signature)*    September 10, 2021    Robert H. Cox

Attorney/Issuing Officer's Signature    Date    Print Name
Indicate if Attorney for Plaintiff or Defendant
Attorney's Address and Telephone Number:
Attorney for Defendant
1921 Gallows Road, Ste 750, Tysons Corner, VA 22182; 703-883-0880

| Clerk of Court/Issuing Officer's Signature | Date | Print Name |
|---|---|---|
| Pro Se Litigant's Name, Address and Telephone Number:<br>*(signature)* | 9-14-21 | Jerri Ann Roseneau<br>CLERK OF COURT<br>POST OFFICE DRAWER 1128<br>BEAUFORT, SC 29901 |

SCCA 254 (05/2015)    (See Rule 45, South Carolina Rules of Civil Procedure, Parts (c) & (d) on pages 2 and 3)

EXHIBIT B

## PROOF OF SERVICE

| SERVED | DATE | FEES AND MILEAGE TO BE TENDERED TO WITNESS UPON DAILY ARRIVAL |
|---|---|---|
| | PLACE | ☐ YES  ☐ NO   AMOUNT $ |
| SERVED ON | | MANNER OF SERVICE |
| SERVED BY | | TITLE |

## DECLARATION OF SERVER

I certify that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, South Carolina Rules of Civil Procedures, Parts (c) and (d):

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial. A party or an attorney responsible for the issuance and service of a subpoena for production of books, papers and documents without a deposition shall provide to another party copies of documents so produced upon written request. The party requesting copies shall pay the reasonable costs of reproduction.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time in the court that issued the subpoena for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued, or regarding a subpoena commanding appearance at a deposition, or production or inspection directed to a non-party, the court in the county where the non-party resides, is employed or regularly transacts business in person, shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance; or

(ii) requires a person who is not a party nor an officer, director or managing agent of a party, nor a general partner of a partnership that is a party, to travel more than 50 miles from the county where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii) requires disclosure of privileged or otherwise protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena:

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

SCCA 254 (05/2015)         (See Rule 45, South Carolina Rules of Civil Procedure, Parts (c) & (d) on pages 2 and 3)

(iii) requires a person who is not a party nor an officer, director or managing agent of a party, nor a general partner of a partnership that is a party, to incur substantial expense to travel from the county where that person resides, is employed or regularly transacts business in person, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(6)(B). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, the receiving party must take reasonable steps to retrieve the information. The person who produced the information must preserve the information until the claim is resolved.

EXHIBIT B

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

UNDER WILD SKIES, INC.,

    Plaintiff/Counter-Defendant,

v.

NATIONAL RIFLE ASSOCIATION OF AMERICA,

    Defendant/Counter-Plaintiff.

Civil Case No. CL1912530

ATTACHMENT A
TO SUBPOENA DUCES TECUM

## DEFINITIONS

1. The terms "communication," "communicate," and "communicated" shall mean any oral, written, or recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, e-mails, text messages, conversations, facsimiles, letters, telegrams, cables, telexes, dialogues, discussions, negotiations, interviews, consultations, telephone calls, agreements, and other understandings, among two or more persons. The term "communication" includes written summaries of any of the foregoing communications.

2. The terms "document" and "record" shall mean all writings of any sort and each term should be construed in its broadest sense to include, but not be limited to, all original and non-identical copies, whether by reason of marginalia or other notes or alterations, and all preliminary or subsequent drafts of the following items, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, correspondence, letters, telegrams, cables, telexes, memoranda, records, books, journals, summaries of records or papers, minutes, calendars, affidavits, recordings (video or audio), electronic mail, text messages, memoranda of telephone calls, conversations, telephone calls, meetings, contracts, notes, marginal comments appearing on or affixed to any document, day timers, date books, messages, letters of credit, invoices, statements of account, financial statements, receipts, promissory notes, security agreements, deeds of trust, instruments purporting to grant or evidencing any security interest or lien, loan agreements, projections, working papers, securities, ledgers, cancelled checks and bank drafts (front and back), check stub receipts, and other data, documents, papers, or writings of whatever description including, but not limited to, any data or information which is electronically recorded or shared, contained in any computer, mobile device, or other information retrievable device or that otherwise can be

obtained or translated through detection devices or other means into any reasonably useable or recordable format.

3. The term "refer or relate to" shall mean concerning, relating to, reflecting, referring to, having a relationship to, pertaining to, identifying, containing, pertinent to, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, or constituting, directly or indirectly, in whole or in part, or to be otherwise factually, legally or logically connected to the subject matter of the particular Request.

4. The term "You," or "Your," shall mean the person or entity summoned in the attached subpoena, including all present and former agents, employees, representatives, advisors, officers, task force officers, attorneys, consultants, investigators, individuals, and entities acting on behalf of, or pursuant to, the direction of such person or entity.

## REQUESTS FOR PRODUCTION

1. Produce any and all documents, records or communications from the period January 1, 2016 to the present, that refer or relate to your role or responsibilities in connection with UWS, including in your role as Vice President.

2. Produce any and all documents, records or communications from the period January 1, 2016 to the present, that refer or relate to UWS's performance pursuant to the Advertising Agreement, as referenced in the Amended Complaint.

3. Produce any and all documents, records or communications from the period January 1, 2016 to the present, that refer or relate to UWS's performance pursuant to the Sponsorship Agreement, as referenced in the Amended Complaint.

4. Produce any and all documents, records or communications that refer or relate to any compensation or benefits received by you in connection with UWS.

5. Produce any and all documents, records or communications All documents, from the period January 1, 2016 to the present, that refer or relate to any expenses reimbursed to you in connection with UWS.

EXHIBIT B

2021CP0701638

Case No.: CL1912530

**SUBPOENA DUCES TECUM (CIVIL) – ATTORNEY ISSUED** VA. CODE §§ 8.01-413, 16.1-89, 16.1-265;
Commonwealth of Virginia   Supreme Court Rules 1:4, 4:9

HEARING DATE AND TIME

Fairfax County Circuit ............................................................................................ Court
4110 Chain Bridge Road, Fairfax, VA 22030
<sub>COURT ADDRESS</sub>

Under Wild Skies, Inc. ........................... **v./In re:** National Rifle Association of America

**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:**

You are commanded to summon

Warner Loughlin
<sub>NAME</sub>

60 Bay Drive
<sub>STREET ADDRESS</sub>

Beaufort                                       SC                                            29907
<sub>CITY</sub>                                           <sub>STATE</sub>                                          <sub>ZIP</sub>

**TO the person summoned:** You are commanded to make available the documents and tangible things designated and described below:

Please see Attachment A attached

at Pinckney Colony Executive Ctr, 10 Pinckney Colony Rd, Ste 300, Bluffton, SC 29909      October 1, 2021;
<sub>LOCATION</sub>                                                                                           <sub>DATE AND TIME</sub>  9:30am

to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such tangible things in your possession, custody or control.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of

National Rifle Association of America
<sub>PARTY NAME</sub>

Robert H. Cox                                          33118
<sub>NAME OF ATTORNEY</sub>                                   <sub>VIRGINIA STATE BAR NUMBER</sub>

1921 Gallows Road, Suite 750                           703-883-0880
<sub>OFFICE ADDRESS</sub>                                      <sub>TELEPHONE NUMBER OF ATTORNEY</sub>

Tysons Corner, VA 22182                                703-883-0899
<sub>OFFICE ADDRESS</sub>                                      <sub>FACSIMILE NUMBER OF ATTORNEY</sub>

September 10, 2021
<sub>DATE ISSUED</sub>                                         <sub>SIGNATURE OF ATTORNEY</sub>

**Notice to Recipient:** See page two for further information.

**RETURN OF SERVICE** (see page two of this form)

FORM DC-498 (MASTER, PAGE ONE OF TWO) 7/01

EXHIBIT B

**TO the person summoned:**
If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

☐ **This SUBPOENA DUCES TECUM is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.**

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

NAME: _____

ADDRESS: _____

☐ PERSONAL SERVICE | Tel. No. _____

Being unable to make personal service, a copy was delivered in the following manner:

☐ Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

☐ Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

☐ NOT FOUND _____, Sheriff

by _____ Deputy Sheriff

DATE

## CERTIFICATE OF COUNSEL

I, Robert H. Cox, counsel for Defendant, hereby certify that a copy of the foregoing subpoena duces tecum was served via email and first-class mail
DELIVERY METHOD

T. Wayne Biggs, Mark R. Dycio, Dycio & Biggs, 10533 Main Street, Fairfax, VA 22030

on the 10th day of September, 2021.

_____
SIGNATURE OF ATTORNEY

**NOTICE:** Upon receipt of the subpoenaed documents, the requesting party must, if requested, provide true and full copies of those documents to any other party or to the attorney for any other party, provided the other party or attorney for the other party pays the reasonable cost of copying or reproducing those documents. This does not apply when the subpoenaed documents are returnable to and maintained by the clerk of the court in which the action is pending. Va. Code § 8.01-417

FORM DC-498 (MASTER, PAGE TWO OF TWO) 07/04

EXHIBIT B

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

| | |
|---|---|
| UNDER WILD SKIES, INC., | |
|     Plaintiff/Counter-Defendant, | |
| | Civil Case No. CL1912530 |
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | |
|     Defendant/Counter-Plaintiff. | |

## ATTACHMENT A
## TO SUBPOENA DUCES TECUM

### DEFINITIONS

1. The terms "communication," "communicate," and "communicated" shall mean any oral, written, or recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, e-mails, text messages, conversations, facsimiles, letters, telegrams, cables, telexes, dialogues, discussions, negotiations, interviews, consultations, telephone calls, agreements, and other understandings, among two or more persons. The term "communication" includes written summaries of any of the foregoing communications.

2. The terms "document" and "record" shall mean all writings of any sort and each term should be construed in its broadest sense to include, but not be limited to, all original and non-identical copies, whether by reason of marginalia or other notes or alterations. and all preliminary or subsequent drafts of the following items. whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, correspondence. letters, telegrams, cables, telexes, memoranda, records, books, journals. summaries of records or papers, minutes, calendars, affidavits, recordings (video or audio), electronic mail, text messages memoranda of telephone calls, conversations, telephone calls, meetings, contracts, notes, marginal comments appearing on or affixed to any document, day timers, date books, messages, letters of credit, invoices, statements of account, financial statements, receipts, promissory notes, security agreements, deeds of trust, instruments purporting to grant or evidencing any security interest or lien, loan agreements, projections, working papers. securities, ledgers, cancelled checks and bank drafts (front and back), check stub receipts, and other data, documents, papers, or writings of whatever description including, but not limited to, any data or information which is electronically recorded or shared, contained in any computer, mobile device, or other information retrievable device or that otherwise can be

EXHIBIT B

obtained or translated through detection devices or other means into any reasonably useable or recordable format.

3. The term "refer or relate to" shall mean concerning, relating to, reflecting, referring to, having a relationship to, pertaining to, identifying, containing, pertinent to, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, or constituting, directly or indirectly, in whole or in part, or to be otherwise factually, legally or logically connected to the subject matter of the particular Request.

4. The term "You," or "Your," shall mean the person or entity summoned in the attached subpoena, including all present and former agents, employees, representatives, advisors, officers, task force officers, attorneys, consultants, investigators, individuals, and entities acting on behalf of, or pursuant to, the direction of such person or entity.

## REQUESTS FOR PRODUCTION

1. Produce any and all documents, records or communications from the period January 1, 2016 to the present, that refer or relate to your role or responsibilities in connection with UWS, including in your role as Vice President.

2. Produce any and all documents, records or communications from the period January 1, 2016 to the present, that refer or relate to UWS's performance pursuant to the Advertising Agreement, as referenced in the Amended Complaint.

3. Produce any and all documents, records or communications from the period January 1, 2016 to the present, that refer or relate to UWS's performance pursuant to the Sponsorship Agreement, as referenced in the Amended Complaint.

4. Produce any and all documents, records or communications that refer or relate to any compensation or benefits received by you in connection with UWS.

5. Produce any and all documents, records or communications All documents, from the period January 1, 2016 to the present, that refer or relate to any expenses reimbursed to you in connection with UWS.